IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUSTIN ERSKINE, )<br>)<br>   Plaintiff, )<br>)<br>  v. )<br>)<br>SCI CPL. KARA STANLEY, et al., )<br>)<br>   Defendants. ) | C.A. No. 21-1017 (MN) |

### MEMORANDUM ORDER

At Wilmington, this 13th day of April 2022, having considered Plaintiff's "Amended Complaint" (D.I. 11);

1. Plaintiff Justin Erskine ("Plaintiff"), an inmate at Sussex Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 3). This Court screened the original complaint, dismissed it and gave Plaintiff leave to amend claims against Defendants Cpl. Kara Stanley ("Stanley") and Lt. Matthew Long ("Long"). (D.I. 6, 7). Plaintiff filed an Amended Complaint on December 20, 2021. (D.I. 11). He also filed a motion for the Court to adopt his First Amended Complaint as legally submitted to the Court. (D.I. 12).

2. The Amended Complaint is very similar to the original complaint. Upon screening, this Court dismissed all claims and, as stated above, gave Plaintiff leave to amend two claims. Plaintiff adds new facts and has reinstated the dismissed visitation claim, all claims against DOC Commission Claire DeMatteis ("DeMatteis") on the grounds of respondeat superior, as well as due process, retaliation, harassment, and false testimony claims. (D.I. 11, 12).

3. The Amended Complaint also raises claims against non-defendants, contains allegations regarding events that occurred after Plaintiff commenced this action and does not

contain a prayer for relief. (D.I. 11). In addition, the filing is not really an Amended Complaint. Rather, it is a signed declaration in support of the First Amended Complaint with attached unsigned and dated "arguments" on the issues of retaliation and due process. (D.I. 11).

4. Plaintiff's motion for the Court to accept the "First Amended Complaints [sic] as they were legally submitted to the Court" states that: (1) the visitation claim is an issue of intimate association as well as retaliation; (2) the respondeat superior claim is an issue of retaliation and may also state a facially plausible claim against DeMatteis under the principal of supervisory liability; (3) he indicates the type of punishment he received that violated his due process rights and they should move forward as amended; (4) the Amended Complaint clearly establishes retaliation claims against Stanley and Kinsler; and (5) the false testimony claim is an issue of retaliation. (D.I. 12 at 2). In essence, Plaintiff asserts that all dismissed claims are actually retaliation claims. The facts do not support his position.

THEREFORE, IT IS HEREBY ORDERED that:

1. The Amended Complaint (D.I. 8) is STRICKEN for noncompliance with the Court's October 19, 2021 Order (*see* D.I. 7) as the Amended Complaint reinstates dismissed claims and adds new parties and claims in derogation of Paragraph 2 of the Order.

2. Plaintiff's motion for the Court to accept his First Amended Complaint is DENIED for the reasons stated above. (D.I. 12).

3. Plaintiff is given until on or before June 13, 2022 to file an amended complaint as set forth in this Court's October 19, 2021 Order. (*See* D.I. 7).

4. Plaintiff is placed on notice that the Clerk of Court will be directed to close the case should Plaintiff fail to timely file an amended complaint and/or file an amended complaint that does not comply with Paragraph 2 of the October 19, 2021 Order.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge